# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5718 | **DATE** | 3/13/2001 |
| **CASE TITLE** | TEZKY vs. WOODFIELD CHEVROLET | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion and Order. Defendant's motion to compel arbitration is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 14 2001 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION.

JAN TEZKY AND BOBBI TEZKY,

    Plaintiffs,

v.

WOODFIELD CHEVROLET &
FIRSTAR BANK,

    Defendants.

DOCKETED
MAR 1 4 2001

Case No. 00 C 5718

The Honorable John W. Darrah

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Compel Arbitration. For the reasons stated herein, Defendants' Motion is GRANTED.

## BACKGROUND

On June 29, 2000, Plaintiff Jan Tezky and Defendant Woodfield Chevrolet executed a purchase order for a used 1996 Ford Mustang. The agreement included a paragraph entitled "Dispute Resolution", which stated:

> The parties agree that any and all disputes and controversies of any kind and nature between the Buyer(s) and Woodfield Chevrolet, Inc. arising out of or in connection with the purchase or financing of the vehicle shall be submitted to binding arbitration pursuant to the Federal Arbitration Act, Title 9, U.S.C. Section 1 et. seq. and/or the Illinois Alternative Dispute Resolution Uniform Arbitration Act, 710 ILCS 5/1 et seq. and in accordance with the procedures set forth on the reverse side of this Buyer's order. The parties further waive any right to a trial by jury concerning such dispute.

The sale of the car was finalized on September 4, 2000.

On September 18, 2000, Plaintiffs filed a seven-count Complaint against Defendants Woodfield Chevrolet and Firstar Bank, alleging common law fraud and violations of the Federal Odometer Requirements Act and the Illinois Consumer Fraud and Deceptive Practices Act. Plaintiffs allege that Defendant Woodfield misrepresented both the mileage of the car and the fact that it had been in a prior accident. Defendants have moved to compel arbitration pursuant to the portion of the purchase order entitled "Dispute Resolution" (hereinafter the "arbitration provision").

## **LEGAL STANDARD**

Arbitration is by no means a disfavored means of resolving disputes. The Federal Arbitration Act ("FAA") provides that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has recognized that the FAA embodies a broad federal policy favoring arbitration. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-226, 107 S.Ct. 2332, 2336-37 (1987). Section 3 of the FAA requires a court to stay proceedings if an issue before it is arbitrable under an agreement covered by the FAA, while Section 4 directs the court to issue an order compelling arbitration if either party fails, neglects, or refuses to comply with the arbitration agreement. The FAA further "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract itself or an allegation of waiver, delay, or a like defense to arbitrability."

## **DISCUSSION**

Plaintiffs raise four objections to Defendants' Motion: (1) the arbitration clause is

unconscionable; (2) the arbitration clause is defective on its face; (3) Defendants have waived their right to arbitration; and (4) arbitration of odometer fraud claims contradicts Congressional intent. Plaintiffs' arguments are considered in the order they were raised.

*Unconscionability*

"Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Williams v. walker-Thomas Furniture Co.*, 350 F.Supp. 445, 448 (D.C. Cir. 1965). Plaintiffs argue the arbitration provision is unconscionable because: (1) forcing Plaintiffs to have their claims decided by a panel of arbitrators rather than a jury composed of Plaintiffs' peers would be prejudicial since jurors would be allegedly more sympathetic due to their own experience in buying automobiles and (2) the Defendants had superior bargaining power, since Jan Tezky had no choice but to sign the purchase order if she wanted the car.

Plaintiffs' first argument is unpersuasive. Plaintiffs' mere preference for a jury does not mean that resolution of this dispute by a panel of arbitrators would entail prejudice. Contracting away one's right to one form of dispute resolution can hardly be considered unconscionable. It also bears noting that, although the panel of arbitrators may consist of attorneys and judges, it is fairly probable that these same attorneys and judges have themselves bought cars at one time or another.

Plaintiffs' second argument is likewise unpersuasive. "Mere inequality in bargaining ... is not a sufficient reason to hold that arbitration agreements are never enforceable..." *Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20, 32, 111 S.Ct. 1647, 1655 (1981). Here, the disparity in bargaining power was by no means overwhelming. Plaintiffs could have easily looked to other dealers or private sellers in their pursuit of a used Ford Mustang. Plaintiffs cite no authority

for the proposition that conditioning a sale on the inclusion of a mandatory arbitration provision is itself unconscionable. This proposition is particularly suspect, given the aforementioned favor with which federal law views arbitration.

*Effectiveness of Arbitration Clause*

Plaintiffs contend that the arbitration provision is "defective" and should not be given effect since its Complaint seeks to revoke the contract. The arbitration provision states that it applies to all controversies "arising out of or in connection with the purchase or financing of the vehicle."

The phrase "*arising out of* reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress International, LTD.*, 1 F.3d 639, 642 (7th Cir. 1993). "In fact, any dispute between contracting parties that is in any way connected with their contract could be said to "arise out of" their agreement and thus be subject to arbitration under a provision employing this language." *Id.* The fact that Plaintiffs may be seeking to cancel the contract does not render the arbitration provision ineffective.

*Waiver*

Although the right to enforce an agreement to arbitrate is waivable, waiver is not lightly inferred; the strong federal policy favoring enforcement of arbitration agreements impresses a "heavy burden" on a party asserting waiver. *St. Mary's Medical center, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 590 (7th 1992)(citations omitted). The "essential question is whether, based on the circumstances, the alleged defaulting party has acted inconsistently with the right to arbitrate." *Id.* at 587-88.

Plaintiffs argue that Defendants have waived any right to arbitration since: (1) Plaintiffs have

already begun work on discovery and (2) Defendants allegedly waited five months to file this Motion. The fact that Plaintiffs have already begun work on discovery is in no way dispositive since the relevant question is whether Defendants have behaved inconsistent with their right to arbitration. The fact that this Motion was filed months after the Complaint was filed is not inconsistent with Defendants' right to arbitrate. This Motion was in fact filed in lieu of a response to the Complaint. Defendants' actions have not exhibited consent to litigation of this matter in federal court.

*Congressional Intent*

Lastly, Defendants argue that Congress did not intend for claims of odometer fraud to be resolved by arbitration. They cite 49 U.S.C. 32710(b) of the Federal Odometer Requirements Act, which states: "A person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction."

"The burden is on the party opposing arbitration ... to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Shearson/American Express*, 482 U.S. at 2337. Here, Plaintiffs have failed to meet their burden. The only support Plaintiffs cite for their argument is the actual wording of the statute. However, the fact that the Act grants potential plaintiffs a federal cause of action does not foreclose the possibility that a plaintiff's right to a federal forum for resolution of disputes may be contracted away via a mandatory arbitration provision. *See e.g. Williams v. Kattan, Muchin & Zavis*, 837 F. Supp. 1430, 1436 (N.D.Ill Marovich, J.)(Title VII and § 1981 claims may be subject to mandatory arbitration provisions.)

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Compel Arbitration is GRANTED. Litigation of Plaintiffs' case is stayed pending resolution of the arbitration of all claims.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: March 13, 2001